IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ERIC WATKINS | § | |
| VS. | § | CIVIL ACTION NO. 1:11-CV-505 |
| TIMOTHY CARTER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Eric Watkins, a former prisoner, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Timothy Carter, Dony Cartrette, Jody Upton, and Paul Hayes. The defendants were employed at the medium security federal prison in Beaumont, Texas, where Plaintiff was previously confined.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges he was served white bread and spoiled milk with his breakfast on April 28, 2009. Plaintiff claims that he had issues with his food on other occasions, and he was served substandard meals to retaliate against him for filing grievances. Plaintiff alleges he held open the tray slot on his cell door and complained about the meal to a correctional officer. The correctional officer said that he was going to notify the food service department, and he allegedly left without attempting to close the food slot. An hour later, the correctional officer returned without bringing food to replace the white bread or milk. Plaintiff states that he informed the correctional officer that this was an ongoing problem, and the food service department does not correct the problem unless Plaintiff keeps the food slot open.

Defendant Carter came to Plaintiff's cell and ordered Plaintiff to release the food slot so it could be closed. Defendant Carter told Plaintiff that he would assemble a use of force team if Plaintiff did not comply with the order. Plaintiff alleges that he explained the situation to Defendant

Carter, and then to Defendant Hayes. Plaintiff was given additional warnings that force would be used if Plaintiff did not release the food slot. Plaintiff did not comply with the orders, and the correctional officers sprayed him with chemical agents, removed him from the cell, and placed him in another cell.

## Standard of Review[1]

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on a clearly meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need to contain detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] Although the defendants filed a dispositive motion, they did not move for dismissal on the basis that *Bivens* does not provide a remedy to the plaintiff. Because the plaintiff is proceeding *in forma pauperis*, the court is required to dismiss any portions of the complaint that are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e). Due to the evolving nature of the case law in this area, it is appropriate for the court to *sua sponte* consider whether the plaintiff has stated a claim for relief that is cognizable under *Bivens*.

<u>Analysis</u>

A victim who has suffered a constitutional violation by a federal actor may, in some instances, recover damages in federal court. *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971). Title 42 U.S.C. § 1983 allows individuals to sue for money damages when their constitutional rights are violated by state officials, but there is no analogous statute allowing individuals to recover damages for violations of their constitutional rights by federal officials. *Ziglar v. Abbasi*, __ U.S. __, 137 S. Ct. 1843, 1854 (2017). An individual's right to recover damages from federal officials for violations of constitutional rights was first recognized by the United States Supreme Court in *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971). In *Bivens*, the plaintiff's complaint alleged that federal agents entered and searched his apartment without a warrant and arrested him on a narcotics charge, and that all of these actions were taken without probable cause. *Bivens*, 403 U.S. at 389. The Supreme Court held that there was an implied cause of action for damages under the Fourth Amendment for alleged violations of the plaintiff's right to be free from unreasonable searches and seizures by federal officials. *Id.* at 397. The Supreme Court subsequently extended *Bivens* to create implied causes of action for gender discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979), and for failing to provide adequate medical treatment as required by the Cruel and Unusual Punishment Clause of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980).

*Bivens*, *Davis*, *and Carlson* were decided during a time when the Supreme Court "would imply causes of action not explicit in the statutory text itself" in order to provide a remedy to effectuate the statute's purpose. *Abbasi*, 137 S. Ct. at 1855. Under this judicial approach, it appeared to be possible that *Bivens* could be expanded to allow causes of action against federal officials for every constitutional cause of action against state officials permitted by § 1983. *Id.* In later cases, the Supreme Court took a more measured approach to implying causes of action for damages, and "the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored'

judicial activity." *Id*. at 1855-57 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Over the past forty years, the Supreme Court has repeatedly declined to extend *Bivens* to allow new constitutional claims. *Hernandez v. Mesa*, __ U.S. __ , 140 S. Ct. 735, 743 (2020).

In light of the Supreme Court's current approach to such cases, federal courts must now engage in a two-step inquiry when deciding whether to extend *Bivens* to new cases. *Id*. First, the court must determine whether the request to extend *Bivens* "involves a claim that arises in a 'new context' or involves a 'new category of defendants.'" *Id*. (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)); *see also Cantú v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019) (noting that the court must first determine whether the plaintiff's claims "fall into one of the three existing *Bivens* actions). A case presents a new context if it is different in a meaningful way from previous *Bivens* cases decided by the Supreme Court. *Abbasi*, 137 S. Ct. at 1860. The Supreme Court provided the following, non-exhaustive list of cases that present meaningful differences:

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id*.

Second, if the claim does arise in a new context, the court must consider whether there are "special factors" that counsel hesitation about extending *Bivens*. *Id*. Special factors may include, but are not limited to: the availability of a statutory cause of action; the length of time Congress has had to create a *Bivens*-like cause of action for that particular context, and the underlying nature of the federal official's activity. *Cantú*, 933 F.3d at 422. If there are special factors, then the court should not extend *Bivens*. *Abbasi*, 137 S. Ct. at 1860; *see also Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020) (noting that courts must refrain from creating an implied cause of action if any special factors exist).

Plaintiff's claims of excessive force and retaliation are new contexts because the Supreme Court has not previously recognized an implied cause of action for these claims. The United States Court of Appeals for the Fifth Circuit has held that *Bivens* should not be extended to imply a cause of action for excessive force under either the Eighth Amendment or the Fourth Amendment. *See Watkins v. Martinez*, No. 20-40781, 2022 WL 278376, at *1 (5th Cir. Jan. 31, 2022) (unpublished) (holding that the plaintiff's Eighth Amendment excessive force claim attempted to raise a *Bivens* claim in a new context, and was not cognizable under *Bivens*); *Byrd v. Lamb*, 990 F.3d 879, 882 (5th Cir. 2021) (declining to extend *Bivens* to a claim of excessive force under the Fourth Amendment, even though there were no other available remedies, due to separation-of-power considerations), *petition for cert. filed*, (U.S. Aug. 10, 2021) (No. 21-184). Likewise, the Fifth Circuit has declined to extend *Bivens* to retaliation claims under the First Amendment. *Butler v. Porter*, 999 F.3d 287, 293 (5th Cir. 2021); *Watkins v. Three Admin. Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 685-86 (5th Cir. 2021). Because *Bivens* does not provide Plaintiff with a remedy for damages for his claims of excessive force and retaliation, this action must be dismissed for failure to state a claim upon which relief may be granted.

## Recommendation

This civil rights action should be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by

the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 22nd day of March, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE