IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ERIC WATKINS | § | |
| VS. | § | CIVIL ACTION NO.   1:11-CV-505 |
| TIMOTHY CARTER, ET AL. | § | |

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Eric Watkins, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Timothy Carter, Dony Cartrette, Jody Upton, and Paul Hayes.

The Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends dismissing the action pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

The United States Supreme Court has disapproved of the expansion of *Bivens* beyond the three implied causes of action previously recognized by the Supreme Court: (1) violations of the Fourth Amendment right to be free from unreasonable searches and seizures; (2) gender discrimination in violation of the Due Process Clause of the Fifth Amendment; and (3) failure to provide adequate medical treatment in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Ziglar v. Abbasi*, ___ U.S. ___, 137 S. Ct. 1843, 1854–57 (2017) (disapproving of the expansion of *Bivens* by the lower courts). When determining whether to extend *Bivens*, federal courts must now determine whether the case would present a new context and whether there are special factors that counsel hesitation about extending *Bivens* to a new context. *Hernandez v. Mesa*, ___ U.S. ___, 140 S. Ct. 735, 743 (2020).

Plaintiff alleges he was subjected to excessive force, in violation of the Eighth Amendment, and retaliated against, in violation of the First Amendment. These claims would present new contexts for *Bivens*, and the Fifth Circuit has held that *Bivens* should not be extended to excessive force or retaliation claims. *See Watkins v. Martinez*, No. 20-40781, 2022 WL 278376, at *1 (5th Cir. Jan. 31, 2022) (unpublished) (declining to extend *Bivens* to an Eighth Amendment excessive force claim); *Butler v. Porter*, 999 F.3d 287, 293 (5th Cir. 2021) (declining to extend *Bivens* to a First Amendment retaliation claim). Thus, the Report and Recommendation not only found that Plaintiff's claims presented new contexts for *Bivens* but also, through its citations to precedent, demonstrated that this Circuit has recognized that special factors counseling hesitation exist in these contexts. As a result, Plaintiff has failed to state a claim upon which relief may be granted.

ORDER

Accordingly, Plaintiff's objections [Dkt. 54] are OVERRULED. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge

[Dkt. 50] is ADOPTED. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED this 23rd day of May, 2022.**

Michael J. Truncale<br>
United States District Judge